UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA BLOUNT, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADP, INC., New Jersey Corporation; WILSON WORLDWIDE, LLC, dba WILSON HR; and DOES 1-50,<br><br>Defendants. | Case No. 09CV1668 JAH (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION [DOC NO. 92]** |

**INTRODUCTION**

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allows employees to bring collective actions against employers for unpaid minimum wages or unpaid overtime compensation. In her complaint, Plaintiff alleges several wage and hour violations against Defendants ADP, Inc. ("ADP") and Wilson Worldwide, LLC ("Wilson"). Currently before this Court is Plaintiff's renewed motion for conditional class certification. Through the instant motion, Plaintiff seeks conditional certification of her First and Seventh causes of action.

Plaintiff alleges that Defendants ADP and Wilson denied Plaintiff Carlotta Blount, and other similarly situated employees, overtime benefits in violation of the FLSA.

Plaintiff also seeks conditional certification for her claim that Defendants denied the putative class members benefits under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104(a)(1). Defendants oppose the motion arguing no violation of either FLSA or ERISA occurred and that Plaintiff's claims are unsuitable for collective treatment.

For the reasons set forth below, this Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for conditional class certification.

## PROCEDURAL BACKGROUND

Plaintiff, Carlotta Blount, filed her complaint on July 31, 2009. Plaintiff named ADP and Wilson as co-defendants. In her complaint, Plaintiff presented several claims of illegal employment practices against ADP and Wilson, including violations of the FLSA and ERISA. Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to bring as a collective action her FLSA claim for overtime pay and her ERISA claim for benefits and severance. Defendant Wilson filed an answer on September 17, 2009 and Defendant ADP filed its answer on September 23, 2009.

On October 6, 2009, Plaintiff Carlotta Blount filed the first motion for conditional class certification. Doc. No. 16. The hearing on Plaintiff's motion was originally set for December 14, 2009. On October 7, 2009, Plaintiff filed an ex parte application requesting an expedited hearing date on her motion for conditional class certification in order to preserve the claims of the putative class members.[1] Doc. No. 18. Defendant ADP filed an opposition to Plaintiff's ex parte application on October 8, 2009, which Defendant Wilson joined. Doc. Nos. 19 & 20. Defendants argued that the motion for conditional class certification was premature and improper because it was contrary to the magistrate judge's discovery order. This Court granted the ex parte application and rescheduled the

---

[1] Under the FLSA, the statute of limitations continues to run for each class member until he/she files written consent with the court to join the action.

hearing date to November 30, 2009. Doc. No. 22.

On November 16, 2009, Defendants filed separate responses in opposition to Plaintiff's motion for conditional class certification. Doc. Nos. 23 & 28. The Court subsequently heard oral argument on the motion for conditional class certification. During the course of the hearing Defendants agreed to toll the statute of limitations so that the parties could engage in some limited discovery. The Court denied Plaintiff's motion without prejudice, and directed the parties to fashion a limited discovery plan to further develop the issues relevant to the motion for conditional class certification. [2]

After the parties conducted limited discovery, plaintiff filed a renewed motion for conditional class certification. The Court notes that the parties have submitted extensive documentation in support of and in opposition to the instant motion for conditional class certification. The exhibits submitted in connection to this motion include declarations by the current opt-in plaintiffs as well as declarations from representatives of both Wilson and ADP. Additionally, each of the parties submitted several deposition transcripts as factual support for their respective positions. The Court thoroughly reviewed these materials as well as the entire record and held oral argument.

Plaintiff moves for conditional class certification of her First cause of action (failure to pay overtime wages as required by the FLSA) and Seventh cause of action (failure to provide ERISA benefits). In opposition to the motion for conditional class certification, Defendants argue that conditional class certification is improper because 1) the putative class members are not similarly situated and 2) defendants' conduct did not violate the FLSA. Defendants contend that there is nothing improper about using staffing agencies such as Wilson to fulfill fluctuating labor needs. Additionally, Defendants argue that Plaintiff's claims are unfit for collective action under the FLSA because the class is unmanageable and requires numerous individualized inquiries. Defendants also assert that Plaintiff's claims for ERISA benefits cannot be brought as a collective action under the FLSA.

---

[2] The Court has reviewed the objections filed by both Defendants, and overrules them in toto.

# DISCUSSION

## 1. Legal Standard

District courts have broad discretion to manage class action litigation. Hoffmann v. Sperling, 493 U.S. 165, 171 (1989). An important aspect of class action litigation is the distribution of notice to potential class members. This is particularly important for collective actions under the FLSA, as the statute of limitations continues to run until putative class members consent in writing to become a party to the litigation. See 29 U.S.C. § 216(b).

Early intervention allows the court to manage the notice process and reduce the risk that consents will be obtained in an improper manner. Hoffman, 493 U.S. at 171-172. The timely and efficient distribution of notice to potential plaintiffs is essential to any collective action brought under § 216(b). As the United States Supreme Court noted in Hoffman, the substantial benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action." Id. at 170. Early court involvement serves not only to protect the rights of putative class members but also to prevent "misuse of the class device." Id. at 171.

In order to effectively manage the notice process in FLSA collective action cases, the Fifth Circuit devised a two-tiered approach where "the district court makes two determinations, on an ad hoc, case-by-case basis." Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-1214 (5th Cir. 1995). Conditional certification is the first step and typically occurs at the notice stage where, after a review of the pleadings and affidavits submitted, the court grants certification if the plaintiff has shown a reasonable basis for her claim. Id.; see also, Wynn v. NBC, Inc., 234 F.Supp.2d 1067, 1082 (C.D. Cal. 2002)(discussing similarly situated analysis in the context of collective action on the ADEA). The plaintiff's burden to obtain conditional class certification is light, due to the fact that minimal evidence is available for the Court's consideration. Id. Under the rubric

described in Mooney, the district court may authorize notice to potential class members if the plaintiff can satisfy the court that the members of the class are similarly situated.

The FLSA does not define "similarly situated" and the Ninth Circuit has yet to address the issue. One of the leading cases in this regard is Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001). In Hipp, the court held that in order to meet the lenient standard for conditional class certification a plaintiff must make "substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits." Id. at 1219; see also Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996)(stating that plaintiff's affidavits should successfully engage defendant's affidavits to the contrary).

District courts have examined a number of factors when determining whether putative class members are similarly situated. For instance, in Hyman v. First Union Corp., 982 F.Supp. 1 (D.D.C. 1997), the court considered "(1) the alleged activities of the defendant; (2) the similarities among the members of the proposed collective action; and (3) the extent to which members of the proposed action will rely on common evidence to prove the alleged" illegal employment practice." Id. at 3-5. District courts have also considered whether the named plaintiff "demonstrate[d] a 'factual nexus' between his or her situation" and that of the putative class members. See Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005). Still other courts have found it helpful to examine whether the plaintiff "raise[s] a similar legal issue as to coverage exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions." Houston v. URS Corp., 591 F.Supp.2d 827, 833-834 (E.D. Va. 2008)(internal citations omitted). The import of these cases is that a plaintiff is not required to show that she is entitled to relief but merely that her claim has some factual basis and that those facts are common enough to the putative class members to enable the district court, in the exercise of its discretion, to find that the litigation may move forward as a collective action.

If the district court grants conditional class certification, the defendant may move

to decertify the class near or at the close of discovery. Wynn, 234 F. Supp.2d at 1082. At this second stage, the court has more information upon which to conduct a more thorough analysis of the "similarly situated" determination. Id. at 1083. In Wynn, the court identified a variety of factors used by other courts when deciding whether to decertify a class. For example other courts have considered: (1) the disparate factual and employment settings of the individual plaintiffs, (2) defenses available, (3) fairness, (4) geographic location of the plaintiffs, (5) the alleged activities by the defendant, and (6) the extent to which the members of the class would rely on common evidence. Id. Should the court find after this "more thorough analysis" that collective treatment is no longer appropriate it may decertify the class.

**2. Analysis**

    **a.    Plaintiff's Burden to Obtain Conditional Certification**

The burden to obtain conditional class certification is generally light, and does not require Plaintiff to prove the merits of her case, but to merely submit some evidence to the court indicating that the class members are similarly situated. Mooney, 54 F.3d at 1213-1214. The Fifth Circuit devised this requirement to facilitate early involvement in the notice process, not to prevent plaintiffs from fully developing their claims. Id., see e.g. Hoffman, 493 U.S. at 171-172.

Defendants urge the court to apply a heightened or intermediate standard to Plaintiff's request for conditional class certification. Doc. No. 102 at 19 & Doc. No. 107 at 5. They argue that since limited discovery has already begun in this case, it is inappropriate and unnecessary to employ the lenient standard typically applied by courts during stage one of FLSA collective action cases. Id. Although some discovery has been conducted in this case, the Court finds Defendants argument for a heightened standard to be unpersuasive.

First, the amount of discovery conducted prior to the renewed motion for conditional class certification was not substantial. While the discovery did begin several months prior to the renewed motion for conditional class certification, the record reflects that the process was plagued by several disputes regarding, among other things, the exchange of written responses and the time and place of depositions. Defendant Wilson's assertion that "the parties have engaged in several months of discovery," while technically true, does not accurately reflect the amount and substance of the information obtained prior to the filing of the motion. Doc. No. 107 at 6.

Additionally, the Court denied the first motion for conditional class certification so that the parties could conduct limited discovery. See Doc. No. 42. At the hearing on Plaintiff's first motion for conditional certification, neither the Court nor the parties suggested the imposition of a heightened standard in the determination of Plaintiff's request for conditional class certification. The Court directed the parties to fashion a limited plan for discovery based on the standard referenced in the original papers, and is unwilling to impose a higher evidentiary burden after the fact.

Most importantly, this Court finds that the remedial purposes of the FLSA are best served by applying the lenient standard originally enunciated in Mooney. Since § 216(b) requires potential plaintiffs to opt-in to the suit, the Court's role at this stage in the proceedings is to ensure that notice is distributed in an efficient and timely manner and that the class device is not being misused. In this instance, applying the heightened standard requested by Defendants goes too far to prevent misuse and potentially prejudices Plaintiff at a point in the litigation where she has had little opportunity to fully develop the merits of her case. For the aforementioned reasons this Court evaluates Plaintiff's motion under the lenient standard.

///
///
///
///

### b. Similarly Situated

Plaintiff claims that Defendants engaged in an illegal employment practice of misclassifying members of ADP's Shared Services Division as "exempt" employees and thereby denying them overtime and other benefits. Doc. No. 1 ¶¶ 32-33. Plaintiff alleges that Defendant ADP used outside staffing firms such as Wilson to avoid paying overtime, severance and other benefits to researchers, recruiters and sourcers who worked in ADP's Shared Services Division. Id at ¶¶ 25-32. According to Plaintiff, the opt-in plaintiffs are similarly situated despite their different job titles as researchers, recruiters, and sourcers in ADP's Shared Service Division. Doc. No. 92-1 at 13-16. Plaintiff asserts that they share essentially identical job descriptions, and they are all similarly situated in that proof of the propriety of their exempt status is common amongst all the job titles. Id. Plaintiff requests this Court "conditionally certify a nationwide opt-in class consisting of all recruiters, sourcers, and researchers working in Shared Services whether on ADP's payroll or Wilson's." Doc. No. 92 at 2. In the alternative, Plaintiff requests certification for various subclasses based on job titles. Doc. No. 92 at 2-3.

The affidavits and other documentation submitted in support of the renewed motion for conditional certification indicate that there is a reasonable basis for Plaintiff's allegation that Defendants' conduct violates the FLSA. Each of the opt-in plaintiffs stated in their affidavits that they worked over 40 hours per week and that ADP supervisors knew that their workload could not be completed in 40 hours. See Doc. Nos. 92-3, 92-4, 92-5, 92-6, and 92-7. In addition to the affidavits, Plaintiff submitted documentation indicating that all ADP contractors on Wilson's payroll would be classified as salary exempt employees. See Doc. No. 92 Exh. 13. Plaintiff also submitted excerpts of depositions and training materials from ADP which appears to institute a plan for institutional wide diversity recruiting initiatives as well as material which detailed the time line of work completed by the researcher and recruiting employees.

Defendants argue that determining exempt status will require an individualized

inquiry into the actual circumstances of each individual employee. See Doc. No. 102 at 20-24 and Doc. No. 107 at 6-9. Defendant Wilson argues that the putative class members fall within the "administrative employee" exemption under 29 C.F.R. 541.200, because their job duties required their independent judgment. Doc. No. 107 at 24. In support of this argument, Defendants represent that not only are the jobs duties of researchers, recruiters, and sourcers readily distinguishable, but they are easily distinguishable between employees who share the same job title. See Doc. No. 107 at 10-18.

Defendant ADP asserts that Plaintiff has not claimed that ADP instructed the employees to work more than 40 hours and that they would not be paid for that time. According to Defendant, Plaintiff has only alleged that the putative class members were not to work more than 40 hours per week, which is not an illegal scheme. Doc. No. 102 at 19.

Defendants further argue that because the proposed class members varied with respect to their job duties, supervisors, location of work performed, compensation, and compensation structure they could not be considered similarly situated. Defendant points out that employees, recruiters and researchers, within the Sales Staffing and Servicing Staffing departments vary because the source of candidates for Sales is external and a more competitive area while Service recruits are sourced from within ADP as well as from different sources than Sales recruits. Doc. No. 102 at 5-6. Defendants assert these alleged differences would require the Court to engage in fact specific analysis for each plaintiff as to the amount of time spent on each job duty. Doc. No. 102 at 28.

As previously discussed, Plaintiff's burden in this context is relatively light in that she must only demonstrate a reasonable basis for her claims of illegal employment practices. The fine distinctions identified by Defendants may prove to defeat certification once discovery has been completed. However, at this stage in the proceedings Plaintiff is not required to rebut each argument by Defendants. Plaintiff is merely required to produce some evidence that the putative class members were subjected to the same allegedly illegal policy or scheme and that common evidence can be used to adjudicate the merits of the

claim.

The Court's review of the papers in this matter reveals that the job duties of these three classes of employees overlap in some instances but are not sufficiently consistent for a finding that they are similarly situated with respect to their job duties and the propriety of their exempt status. For example recruiters work with clients to find their desired candidates, have more interaction with clients, and sell the service to clients; while researchers and sourcers appear to identify candidates for the recruiter and provide profiles of those candidates to the recruiter. Doc. No. 102 at 5-6, Exh. M; Doc. 92-8 at 93-95. Yet, the main duty of the recruiter position, whether in Service or Sales is to sell the product of potential candidates to the client. Id. Further, the main duty of researchers and sourcers, regardless of department is to find candidates and provide them to the recruiter. Id. at 6-7. Therefore, the Court finds that employees within the recruiter position, as well as employees in the researcher and sourcer position, are similarly situated and finds it appropriate to subdivide the class accordingly.

### c. The Class

This Court finds that Plaintiff has presented sufficient evidence to establish that there is a reasonable basis for her First Cause of Action for failure to pay overtime pay under the FLSA. At this stage in the proceedings, the Court does not evaluate whether the weight of the evidence favors either party, but merely whether Plaintiff has presented some evidence that the putative class members are similarly situated. Plaintiff's claim for unpaid overtime compensation may move forward as a collective action, allowing notice to be sent to the putative class members and the appropriate discovery to be conducted. Accordingly, the Court conditionally certifies Plaintiff's first cause of action for unpaid overtime compensation. Based on the submissions in this matter the Court finds it appropriate to divide the class into two subclasses of employees who worked in ADP's Shared Services division and had their payroll processed by Wilson as follows:

(1) Recruiters who worked in ADP's Shared Services Division,

(2) Researchers and Sourcers who worked in ADP's Shared Services Division.

The Court also finds that Plaintiff's Seventh cause of action for ERISA benefits cannot be conditionally certified as a collective action. Section 216(b) is quite clear that the employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation" and does not grant relief for ERISA benefits. As such, the FLSA provides no right for a plaintiff to bring a collective action against an employer for ERISA benefits.

**d.    Notice**

The district courts have broad discretion to exercise control over the notice that may be sent to potential plaintiffs to prevent the potential for misleading communications and misuse of the class device. Hoffman, 493 U.S. at 170. In Hoffman the Court stressed the importance of employees "receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id. at 169. Courts must also "take care to avoid even the appearance of judicial endorsement of the merits of the action." Id. at 174.

Plaintiff lodged proposed forms of notice and consent with the Court in conjunction with the motion for conditional class certification. Doc. 92-8 Exh. 40. Defendant ADP also lodged a proposed notice. Doc. No. 108 Exh. AA.

Defendants initially argue that plaintiff's proposed notice recipients include an overly broad group of individuals that were employed by third parties, rather than Defendant ADP or Defendant Wilson. Defendants also challenge Plaintiff's proposed notice as inappropriate because it contains a case caption with "court authorized this notice" in bold. In addition, Defendants claim the notice should not advise potential plaintiffs that the statute of limitations is running on their claims. Doc. No. 107 at 23.

Further, Defendant argues that this Court should not authorize a notice that requires representation of putative class members by Plaintiff's counsel. Doc. No. 107 at 24. Additionally, defendants contend the notice is inappropriate because the notice incorrectly states that the Plaintiffs are seeking benefits and severance pay. Doc. No. 102 at 25. Finally, Defendants claim the notice should include Defendants' contact information.

Plaintiff maintains the proposed class is not overly broad despite the inclusion of employees who had their payroll processed by third parties because "Wilson's memorandum indicates that ADP made the decision to no longer pay these contract workers overtime. This is circumstantial evidence of a practice-wide decision on ADP's part to deny overtime to these contract workers." Doc. 112 at 10. Plaintiff further argues the request to include defense counsel's contact information in the notice is unreasonable. Plaintiff next points out that the ERISA claim in the original complaint contains a request for the recovery of benefits and severance. Additionally, Plaintiff has sought to amend the complaint to include a breach of contract claim seeking damages for unpaid benefits and severance. Doc. No. 111 at 9. Thus, Plaintiff considers it appropriate to include the request for unpaid benefits and severance in the notice.

With respect to the time frame for responding to the notice, Defendant Wilson asserts that a 21 to 30 day period to respond to the notice would be appropriate. Doc. No. 107 at 24. Plaintiff asserts that 90 days is more appropriate to give putative class members a reasonable but adequate period to respond. Doc. No. 112 at 9.

The Court finds that since putative class members must opt-in to be represented by counsel the request to include defense counsel's contact information is not outlandish, as Plaintiff's counsel does not represent the putative class members until they opt-in. See e.g. Parks v. Eastwood Ins. Services, Inc., 235 F. Supp. 2d 1082, 1083 (C.D. Cal. 2002) (finding where class members must opt-out, the class members are plaintiff's clients and defense attorneys are subject to the "anti-contact" rule; but where class members must opt-in they are not represented until they join the class). Further, because this court has denied class certification for ERISA benefits or compensation as discussed above, and the

additional breach of contract claim has not been added to the complaint at this time and was not the subject of this motion, benefits and severance should not be included in the notice to potential plaintiffs. This Court also finds that 90 days from the date that the class certification is mailed is reasonable and appropriate for class members to respond to the notice.

Finally, as Plaintiff has submitted no evidence as to the identities or existence of other staffing agencies which processed payroll for members of the Shared Services Division of ADP, Defendants present a valid concern regarding the interests of these unnamed third parties. Accordingly, the Court finds the proposed notice recipients to be overly broad. Therefore, the Court declines to grant Plaintiff's request for discovery concerning the identity of individuals who had their payroll processed by unnamed third parties without giving these parties an opportunity to address Plaintiff's claims.

Based on the foregoing, the court finds that the notice and consent forms provided by Defendant ADP, to the extent they are consistent with this order, are the most appropriate. Therefore the notice and consent forms provided by Defendant ADP, and attached to this order as Appendix # 1, shall be used to notify the potential plaintiffs.

### c. Production of the Class List

Defendant Wilson challenges Plaintiff's request for a list of potential plaintiffs on the grounds that sharing the list with Plaintiff would jeopardize important privacy interests of the potential plaintiffs. Doc. No. 107 at 22. Defendant suggests that in the alternative, Wilson should send out the notice or a neutral third party should be assigned the task. Doc. No. 107 at 22.

The Supreme Court has authorized the district courts to require defendants to provide Plaintiffs with the contact information of potential class members in similar circumstances. See Hoffman, 493 U.S. at 170, see also Adams v. Inter-Con Sec. Systems, Inc., 242 F.R.D. 530, 539 (N.D. Cal. 2007). Accordingly, Defendants Wilson and ADP

shall produce the names and addresses of the proposed class members within 20 days of the date of this order.

Defendant Wilson further requests that contact between Plaintiff and the potential class members be limited to the notice itself until the individual requests to join the class. Doc. No. 107 at 23. The Court finds this is an unreasonable request since at this stage there is no indication that Plaintiffs may misuse the contact information of the Defendants' employees. See Gordon v. Kaleida Health, 737 F. Supp. 2d 91, 95 (W.D.N.Y. 2010) (defendant has the burden to show that plaintiff has or proposes to misuse the ability to communicate with potential class members).

## **CONCLUSION AND ORDER**

IT IS HEREBY ORDERED:

1. Plaintiff's motion for conditional class certification is **GRANTED** as to Plaintiff's First cause of action for unpaid overtime and wages;
2. Plaintiff's motion for conditional class certification is **DENIED** as to Plaintiff's Seventh cause of action for ERISA benefits;
3. The class will be divided in subclasses consisting of:
    a. Recruiters who worked in ADP's Shared Services Division and had their payroll processed by Wilson;
    b. Researchers and Sourcers who worked in ADP's Shared Services Division and had their payroll processed by Wilson;
4. Defendant ADP's notice form, to the extent consistent with this order, shall be used to notify putative class members and is attached as Appendix #1; and
5. Plaintiff's request for production of the Class List from Defendants Wilson and ADP is **GRANTED.** Defendants must produce the names

and addresses of the proposed class members **no later than August 5, 2011.**

DATED: July 14, 2011

_____
JOHN A. HOUSTON
United States District Judge