1  SAM SHERMAN, ESQ. (Bar No. 228673)
   shermans@higgslaw.com
2  LOREN G. FREESTONE, ESQ. (Bar No. 191868)
   lfreestone@higgslaw.com
3  HIGGS, FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
4  San Diego, CA  92101-7913
   TEL: 619.236.1551
5  FAX: 619.696.1410

6  Attorneys for Plaintiff
   CARLOTTA BLOUNT, on behalf of herself and on
7  behalf of all persons similarly situated

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  CARLOTTA BLOUNT, on behalf of herself and       Case No. 09 CV 1668 AJB (KSC)
12  on behalf of all persons similarly situated
                                                    **NOTICE OF LODGMENT OF**
13                    Plaintiff,                    **EXHIBITS IN SUPPORT OF MOTION**
                                                    **FOR PRELIMINARY APPROVAL OF**
14        v.                                        **CLASS ACTION SETTLEMENT**

15  ADP, INC., a New Jersey Corporation; WILSON
    WORLDWIDE, LLC, dba WILSON HR; and
16  DOEs 1-50                                       DATE:      January 17, 2013
                                                    TIME:      2:00 p.m.
17                    Defendant.                    CRTM:      12
                                                    JUDGE:     Hon. Anthony J. Battaglia
18

19

20

21        Plaintiff, CARLOTTA BLOUNT, on behalf of herself and on behalf of all persons

22  similarly situated, hereby lodge the following exhibits in support of the Motion for Preliminary

23  Approval of Class Action Settlement:

24        EXHIBIT A    -      The Settlement Agreement and Release of Claims.

25        EXHIBIT B    -      Notice of Pendency of Class Action, Preliminary Approval of

26  Settlement and Hearing for Final Approval.

27        EXHIBIT C    -      The Claim Form and Release.

28

1099911.1

1    DATED:  November 9, 2012                    HIGGS, FLETCHER & MACK LLP

2

3                                                By: s/ SAM G. SHERMAN
                                                     SAM SHERMAN, ESQ.
4                                                    LOREN G. FREESTONE, ESQ.
                                                     Attorneys for Plaintiff
5                                                    CARLOTTA BLOUNT, on behalf of
                                                     herself and on behalf of all persons
6                                                    similarly situated

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2

# EXHIBIT A

SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Settlement Agreement" or "Agreement"), is entered into as of September **28**, 2012, by and between ADP, Inc. ("ADP"), Wilson Worldwide, LLC dba Wilson HR ("Wilson"), Plaintiff Carlotta Blount ("Blount" or "Named Plaintiff"), on behalf of herself individually and a purported class of persons described below, and Opt-In Plaintiffs Brian Bowman ("Bowman"), Mark Johnson ("Johnson"), Paul David ("David"), Jennifer Shoskes ("Shoskes"), Maryanna Spyridis ("Spyridis"), Keather Thompson ("Thompson"), Heidi Zeilinger ("Zeilinger"), Dawn Sarafin ("Sarafin"), and Diana Conrad ("Conrad"), all of whom are collectively referred to as the "Opt-In Plaintiffs." This Agreement is intended to fully, finally and forever resolve, discharge and settle the Released Claims, as defined below, and subject to the terms and conditions herein.

I.   **RECITALS.**

A.   **WHEREAS,** on July 31, 2009, Plaintiff Carlotta Blount filed a purported class and collective action in the United States District Court for the Southern District of California, entitled *Carlotta Blount v. ADP, Inc., et al.*, Case No. 09-CV-1668 (the "Complaint"), in which, among other claims, she sued on behalf of herself as representative Plaintiff and on behalf of a purported nationwide FLSA class and a separate Rule 23 California class of Wilson employees who provided services to ADP as recruiters, researchers, and sourcers pursuant to a services agreement between Wilson and ADP and alleged, among other things, that Wilson and ADP had not provided her and purported class members with overtime, meal and rest periods, accurate wage statements, timely payment of wages upon termination of employment, ADP ERISA and other benefits, and for alleged unfair wage/hour business practices in violation of California Business & Professions Code §17200. The Complaint alleged violations of the FLSA, 29 U.S.C. § 201 *et seq.*, ERISA, 29 U.S.C. § 1104(a)(I), California Labor Code §§ 201 - 203, 218.5, 226.7, 226, 510, 512, 1174, 1174.5, 1194, California Business & Professions Code § 17200 *et seq.*, and Cal. Wage Order No. 4, seeking back overtime wages, liquidated damages, restitution, ERISA and other benefits, and statutory penalties under Federal law and California State law;

B.   **WHEREAS,** ADP and Wilson, in their Answers and during discovery, denied each of these claims and asserted in addition that the case was not suitable for class or collective action treatment;

C.   **WHEREAS,** seven of the Opt-In Plaintiffs opted-in to the FLSA claim after the Complaint was filed, and an additional two opted in after the FLSA claim was conditionally certified as a collective action and notice was sent, resulting in a total of ten party Plaintiffs including Ms. Blount;

D.   **WHEREAS,** Plaintiffs have not requested nor have their California state law claims been certified for class treatment under Rule 23 of the Federal Rules of Civil Procedure; and

E.   **WHEREAS,** on July 19, 2012, the Parties engaged in mediation before Robert J. Kaplan, Esq., and reached an agreement on settlement, which agreement was and is intended to fully and finally resolve all claims as to the Named Plaintiff, the Opt-In Plaintiffs and the putative class members in the case referred to above.

A/75042821.3

**NOW, THEREFORE,** the Parties agree as follows:

**II.   DEFINITIONS.**

A.      "Named Plaintiff" refers to Carlotta Blount.

B.      "Opt-In Plaintiffs" refers to the nine individuals who opted into the FLSA claim, thereby becoming party Plaintiffs with respect to that claim under 29 U.S.C. §216(b).  They are Brian Bowman, Mark Johnson, Paul David, Jennifer Shoskes, Maryanna Spyridis, Keather Thompson, Heidi Zeilinger, Dawn Sarafin, and Diana Conrad.  The Named Plaintiff and the Opt-In Plaintiffs are sometimes collectively referred to as the "FLSA Plaintiffs."

C.      "California Settlement Class" refers to 13 additional individuals who received payments from Wilson for work performed while assigned to or at ADP in the State of California as contingent recruiters, researchers, or sourcers in ADP's Shared Services Division at any time from September 1, 2006, to the Closing Date (the "Class Period").  These people also received notice of the FLSA claim but chose not to opt in.  These people will be eligible to receive a settlement payment *only* if (i) they do not exclude themselves from the class, and (ii) they assert a valid claim for payment as provided in this Agreement.  While some of the FLSA Plaintiffs were also employed by Wilson in California, they are not included in the California Settlement Class since they are automatically entitled to payments under the settlement.

D.      "California Settlement Share" refers to the payment to which a California Settlement Class Claimant becomes entitled pursuant to this Settlement, as more fully described in paragraph IX.A, 3, below.

E.      "Class Counsel" refers to the law firm of Higgs Fletcher & Mack, LLP, 401 West A Street, Suite 2600, San Diego, CA 92101, (619) 236-1551.

F.      "Class Notice" refers to the notice of this settlement that will be sent to members of the California Settlement Class in the form attached hereto as **Exhibit A**.

G.      "Claim Form" refers to a document in the form attached as **Exhibit B** that will also be sent to members of the California Settlement Class.  Eligible individuals who submit valid and timely claims in accordance with this Agreement are referred to herein as "California Settlement Class Claimants."

H.      "Closing Date" refers to September ___, 2012.

I.      "Court" refers to the court having jurisdiction over the Litigation, presently the United States District Court for the Southern District of California.

J.      "Exclusion Period" refers to the interval beginning with the date Class Notice is first mailed to California Settlement Class Members and ending 30 days after the date of first mailing.  If a second mailing to any California Settlement Class Member is required as a result of the initial mailing being returned as undeliverable, the Exclusion Period for those class members only, who shall be sent a second mailing, will be extended for 15 days (45 days from first mailing) irrespective of when the first mailing was returned as undeliverable.

2

K.    "Final Approval Order" refers to the Order of Final Approval of Settlement entered by the Court granting final approval of this settlement, substantially in the form attached hereto as **Exhibit C**.

L.    "Final Effective Date:"

1.    "Effective Date" means the date by which all of the following have occurred: (i) the trial Court has granted the Settlement its final approval, as evidenced by the entry of the Court's Final Approval Order; (ii) the trial Court has entered its Final Judgment of Dismissal of Class Action ("Final Judgment"), as evidenced by the entry of the Final Judgment; and (iii) the trial Court's judgment has become "Final" within the meaning of the next paragraph.

2.    "Final" for purposes of the preceding paragraph means the latest of: (i) if there is a timely objection or intervention and an appeal is taken from the trial Court's Final Judgment, the date of final affirmance or dismissal of the appeal, and the expiration of the time for any additional review of the appeal to be filed, or, if such review is granted, the date of final affirmance of the Final Judgment following review pursuant to that grant; or (ii) if there is a timely objection or intervention, the last day on which an appeal of the Final Judgment could be taken by such objector or intervenor with no appeal having been filed; or (iii) if there is no timely objection or intervention and hence no appeal can be filed, the date on which the trial Court enters its Final Judgment.

3. .    "Final Effective Date" refers to the date all of the requirements of paragraph II.L.1 and II.L.2 above are met.

M.    "Final Judgment" refers to the Final Judgment of Dismissal of Class Action, substantially in the form attached hereto as **Exhibit D**, entered by the Court in conjunction with the Final Approval Order.

N.    "Litigation" refers to the purported class action identified in paragraph I.A above which is currently pending in the United States District Court for the Southern District of California, and includes the original Complaint, the Amended Complaint, and the Second Amended Complaint filed in that action.

O.    "Preliminary Approval Order" refers to the Court's Order Preliminarily Approving Settlement and Providing for Class Notice substantially in the form attached hereto as **Exhibit E**.

III.    **APPLICATION FOR COURT APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, CLASS NOTICE AND FINAL APPROVAL HEARING.**

Upon the execution of this Agreement, Class Counsel will apply to the Court for approval of the Settlement, both as to the payments to be made to the FLSA Plaintiffs and as to the California Settlement Class.  With respect to the latter, Class Counsel will seek the Court's approval of a Preliminary Approval Order substantially in the form attached hereto as **Exhibit E**, preliminarily approving the Settlement Agreement under the legal standards relating to the preliminary approval of class action settlements; certifying the California Settlement Class for settlement purposes only; approving the Class Notice and Claim Form as attached hereto as **Exhibits A and B**, respectively, to be sent to the 13 members of the California Settlement Class; and setting a final approval hearing and briefing schedule.

A/75042821.3

IV.   **CALIFORNIA SETTLEMENT ADMINISTRATION.**

A.     Mailing of Class Notice and Claim Form:  No later than 10 business days following the Court's entry of the Preliminary Approval Order, Class Counsel shall mail the Class Notice and Claim Form to the 13 California Settlement Class Members via first-class mail using the address information previously provided by defendants to Class Counsel.  If any Class Notice is returned to Class Counsel as undeliverable before the end of the Exclusion Period, Class Counsel will attempt to determine a correct address using a reasonable search method and re-send the Class Notice and Claim Form via first-class mail to the new address.

B.     Dispute Resolution:  As provided in paragraph IX.A, 3, the payments being made under this settlement to California Settlement Class Claimants are determined based on the number of weeks during which the recipient received payments from Wilson for work performed while assigned to or at ADP as contingent Researcher, Recruiter or Sourcer during the relevant period. For this purpose, the Parties have agreed that the relevant period begins on September 1, 2006, and ends on the date the recipient's eligible employment ended.  With regard to length of employment during the relevant period, Wilson's and ADP's records will be presumed accurate and correct and shall be final and binding, unless contrary information submitted by a California Settlement Class Claimant (e.g., pay stubs, employment records, termination notice, final pay information, etc.) proves otherwise.  In the event of a dispute, Class Counsel and counsel for ADP and Wilson will meet and confer and, based on all available information, will resolve the dispute, and their resolution shall be final and binding.

V.    **BINDING EFFECT; EXCLUSION AND OBJECTION RIGHTS OF THE CALIFORNIA SETTLEMENT CLASS MEMBERS.**

A.     Right of California Settlement Class Members to be Excluded:  Any member of the California Settlement Class (other than the Named Plaintiff or any of the Opt-In Plaintiffs) may elect to be excluded from the California Settlement Class at any time during the Exclusion Period. To be effective, any such election must be made in writing; must contain the name, address, telephone number and social security number of the individual requesting exclusion; must be signed by the individual who is electing to be excluded; and must be mailed to Class Counsel and postmarked on or before the end of the Exclusion Period.  The date of the postmark on the mailing envelope shall be the exclusive means to determine whether a request for exclusion is timely.  Any California Settlement Class Member who timely requests exclusion in compliance with these requirements (i) shall not have any rights under this Agreement; (ii) shall not be entitled to receive a California Settlement Share; and (iii) shall not be bound by this Agreement, the Final Approval Order, or the Final Judgment.

B.     Binding Effect on Final Settlement Class Members:  Except for those members of the California Settlement Class who exclude themselves in compliance with the procedures set forth in paragraph V,A., above, all members of the California Settlement Class, whether or not they make a claim by timely returning the Claim Form, will be bound by the terms and conditions of this Agreement, the Final Approval Order, the Final Judgment, and the releases set forth herein; and, except as provided in paragraph V.C, below, will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

C.     Right to Object:  Any member of the California Settlement Class (other than the Named Plaintiff or any of the Opt-In Plaintiffs) may object to this settlement, provided that such

A/75042821.3

objection is made in a writing filed with the Court and hand-served on counsel for the Parties no later than 5 days prior to the final approval hearing as set by the Court under paragraph VI. Such objection shall include the name and address of the objector; shall clearly explain the specific basis for the objection; shall attach where appropriate all documentation that the objector contends supports the objection; and, if the objector is represented by counsel, shall provide the name and address of such counsel. Subject to the discretion of the Court, no member of the California Settlement Class may be heard at the final approval hearing held pursuant to paragraph VI of this Agreement who has not complied with the requirements of this paragraph.

      D.    <u>Communication Between Counsel Regarding Objections and Exclusions</u>: Upon receipt, counsel for the Parties shall promptly exchange with one another copies of all objections, exclusions and/or challenges to the settlement or to any part thereof.

      E.    <u>Prohibition on Filing Complaints or Proceedings Pending Final Approval</u>: From the date of entry of the Court's Preliminary Approval Order through the date of the final approval hearing, all members of the California Settlement Class who do not exclude themselves from the California Settlement Class shall be prohibited from receiving any monetary recovery from a complaint or charge of any kind filed with the California Division of Labor Standards Enforcement or from initiating any lawsuit or other legal proceeding regarding any of the Released Claims as defined in paragraph X below.

      F.    <u>Covenant Not to Sue or Participate in Any Other Action</u>: The Named Plaintiff and each Opt-In Plaintiff, and, subject to the Court's granting final approval of this settlement respecting the California Settlement Class, any member of the California Settlement Class who does not exclude him or herself from the settlement in compliance with the procedures set forth above shall be forever barred from filing any other action or proceeding or participating either as a named plaintiff or as an unnamed class member in any other lawsuit or class action in any state or federal court or administrative tribunal regarding any of the Released Claims as defined in paragraph X below.

## VI.    <u>FINAL SETTLEMENT APPROVAL</u>.

      With respect to the settlement of the purported class claims only, a hearing shall be held for the purpose of obtaining the Final Approval Order and entry of the Final Judgment granting dismissal of the class and collective action and all claims with prejudice. The date of the hearing shall be set by the Court and notice of such shall be provided to the California Class Members in the Class Notice, although such hearing may be continued by the Court without further notice to the California Class Members. With respect to the settlement of the claims of the Named Plaintiff and the Opt-In Plaintiffs, while Court approval of the settlement of those claims is required, a hearing is not required.

## VII.   <u>SETTLEMENT TERMINATION</u>.

      A.    <u>Grounds for Settlement Termination</u>: This Agreement may be terminated on the following grounds:

      1.    While the Parties are seeking Court approval for both the settlement of the Named Plaintiff's and Opt-In Plaintiffs' claims, on one hand, and the settlement of the California Class Claims, on the other, the settlement is contingent on the Court's approving both. If the Court

declines to approve one or the other, or both, and the Parties are not able to remedy the Court's concerns by reallocating settlement funds but in no event exceeding the Maximum Settlement Amount defined in paragraph IX.A, the Parties, and each of them, reserve the right to immediately terminate the settlement and this Agreement by providing written notice to the other Parties.

2.      While recovery of attorneys' fees and costs by Class Counsel, an award of enhancement payments to the Named Plaintiff and certain Opt-In Plaintiff(s) as described herein, and the apportionment of the settlement amount between the members of the California Settlement Class, on one hand, and the Named Plaintiff and Opt-In Plaintiffs, on the other, (all as described in paragraph IX below) are terms of this Agreement, they are not conditions to the effectiveness of this Agreement or the settlement. The allowance or disallowance by the Court of the requested award of attorneys' fees and/or costs, and/or the requested award of enhancement payments to the Named Plaintiff and/or Opt-In Plaintiffs, and/or the apportionment of the settlement proceeds between the California Settlement Class Members and the Named and Opt-In Plaintiffs will be considered by the Court separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of this settlement to the class. Any order, proceeding or modification by the Court relating to (i) the application by Class Counsel for an award of attorney fees and costs, (ii) the enhancement award to the Named Plaintiff and/or certain Opt-In Plaintiffs, or (iii) the Parties' chosen apportionment of the settlement amount between the California Settlement Class Members and the Named and Opt-In Plaintiffs, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or affect or delay the finality of the Final Judgment and the settlement and dismissal with prejudice of the class action as set forth herein. Rather, the Parties agree that if any change or modification in any of the foregoing payments or proposed allocation is ordered or requested by the Court, the Parties will reallocate the settlement funds on a pro-rata basis to satisfy the Court's order or request without affecting the finality of the settlement or the Maximum Settlement Amount as defined in paragraph IX, A.

B.      Effect of Termination:  Termination shall have the following effects:

1.      If the settlement is terminated by a Party under paragraph VII.A, 1 above, this Settlement Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms, except for those in paragraphs XI and XII;

2.      In the event the settlement is terminated, ADP and Wilson shall have no obligation to make any payments to any Party, class member or attorney (including attorney's fees or costs);

3.      The Preliminary Approval Order, and the Final Approval Order and Final Judgment, if any, including any order of class certification for settlement purposes, shall be vacated;

4.      The Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of the Parties, each of whom shall be restored to their respective positions in the Litigation prior to the settlement, including the uncertified nature of the putative California class claims and the conditionally certified nature of the FLSA claim; and

5.      Neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of the Settlement shall be admissible or offered into evidence in the Litigation or any other action for any purpose whatsoever.

6

**VIII.   SUBMISSION OF CLAIMS FORMS - CALIFORNIA SETTLEMENT CLASS.**

To qualify to receive a California Settlement Share, members of the California Settlement Class must complete and sign the Claim Form included with his or her Class Notice and must return the completed form to Class Counsel by first-class mail postmarked no later than the last day of the Exclusion Period.  By submitting the Claim Form, each California Settlement Class Claimant will consent to becoming a party plaintiff in the Litigation and to have "opted in" to, and pursuant to paragraph X waived and released, the claims brought under the Fair Labor Standards Act in accordance with 29 U.S.C. §216(b).

**IX.   SETTLEMENT PAYMENTS.**

A.   <u>Wilson's and ADP's Settlement Payment Obligations</u>:  The Parties agree that the total maximum amount Wilson and ADP shall be required to pay under this settlement, including payments to the Named Plaintiff, the Opt-In Plaintiffs (including any enhancement payments), the California Settlement Class Claimants, and payment of Class Counsel's attorneys' fees and litigation costs, shall in no case exceed a total of Five Hundred and Fifty Thousand Dollars ($550,000.00) (hereafter the "Maximum Settlement Amount").  In full and complete settlement of the class and collective action and subject to this settlement being approved by the Court and Final Judgment of dismissal with prejudice being entered, ADP and Wilson agree to make the following payments from the Maximum Settlement Amount:

1.   <u>Payment of reasonable attorneys' fees and litigation expenses</u>.  Class Counsel intends to request that the Court award reasonable attorneys' fees up to a maximum of $220,000.00 and litigation costs of up to a maximum of $35,000.00, subject to the approval of the Court.  ADP and Wilson have agreed not to oppose these requests.  Should the Court determine to award a different amount of fees and/or costs, any excess funds shall be reallocated pro-rata over the payments to be made under paragraphs IX.A, 2 & 3 below.

2.   <u>Payments to Named Plaintiff and Opt-In Plaintiffs</u>.  The Parties have agreed that a total of $245,000 of the Maximum Settlement Amount is to be allocated to payments to the Named Plaintiff and the Opt-In Plaintiffs.  The Named Plaintiff and each Opt-In Plaintiff shall receive a fixed payment based on his or her length of active service as a contingent Recruiter, Researcher, or Sourcer during the Class Period as defined in paragraph II.C.  For this purpose, "active service" excludes any period of inactive status, such as a continuous leave of absence, as recorded in Wilson's and ADP's records.  In addition to these fixed payments, Class Counsel intends to request that the Court award enhancement payments to the Named Plaintiff and certain of the Opt-In Plaintiffs, as follows:  $10,000 each to Plaintiffs Blount and Zeilinger; $5,000 each to Plaintiffs Bowman, Spyridis and Thompson; and $2,500 each to Plaintiffs David and Shoskes, for a total of $40,000 in enhancement payments.  ADP and Wilson have agreed not to oppose these requests.  Should the Court determine to award different or no enhancement payments, any excess funds shall be reallocated pro-rata over the fixed payments to be made to all Plaintiffs under this paragraph.  The individual fixed payment amounts will be determined by (i) subtracting the sum of the proposed (or Court-modified) enhancement awards described above from $245,000, (ii) dividing the result by 757, which ADP's and Wilson's records show to be the total aggregate number of weeks worked by the Named Plaintiff and Opt-In Plaintiffs during the Class Period, and (iii) multiplying the result by the number of weeks worked by each individual claimant as listed in Wilson's and ADP's records.  Should the Court award the full amount of enhancement payments as requested by Class Counsel above, the individual fixed payments will amount to $270.81 per week (the "Per Week Amount"),

7

multiplied by the number of weeks each individual worked during the Class Period. For the Named and Opt-In Plaintiffs, the amounts of the individual fixed payments based on number of weeks worked during the Class Period are as follows: Plaintiff Blount, $36,558.78; Bowman, $31,413.47; Conrad, $7,582.56; David, $21,935.27; Johnson, $2,437.25; Sarafin, $8,936.59; Shoskes, $23,289.30; Spyridis, $18,685.60; Thompson, $19,227.21; and Zeilinger, $34,933.95.

      3.    <u>Payments to California Settlement Class Claimants</u>. The Parties have agreed to allocate a total of $50,000 of the Maximum Settlement Amount to payments to the California Settlement Class Claimants (that is, those of the 13 total members of the California Settlement Class who have not excluded themselves from the settlement and who submit a valid claim). Each California Settlement Class Claimant shall receive a fixed payment based on his or her length of active service during the Class Period as defined in paragraph II.C. The amount of each individual payment shall be the <u>lesser</u> of (a) the figure obtained by (i) multiplying the Per Week Amount as determined under paragraph IX, A, 2. above, by (ii) the number of weeks worked by the individual claimant during the Class Period, <u>or</u> (b) the figure obtained by multiplying that result by a fraction the numerator of which is $50,000 and the denominator of which is the product of the Per Week Amount times the total aggregate number of weeks worked during the Class Period by all California Settlement Class Claimants. The Parties have agreed that in the event the total amount claimed by the California Settlement Class Claimant group is less than the full $50,000 allocated to this group, any excess will be allocated on a pro-rata basis to the payments to be made to the Named Plaintiff and the Opt-In Plaintiffs under paragraph IX, A, 2.

      4.    <u>Parties' Considerations of Fairness of Settlement</u>. While ADP and Wilson dispute that either the FLSA Plaintiffs or any purported California class member has a viable claim to any payment or that the Litigation is appropriate for class or collective action treatment, the Parties, having engaged in good faith, arms-length negotiations, with the assistance of a respected mediator, hereby agree, for purposes of this settlement, that the payment structure set forth above on which the amount to be paid is based, is, in the Parties' considered opinions, reasonable and represents a fair settlement to both the FLSA Plaintiffs and the members of the California Settlement Class based on all of the facts and circumstances and the Parties' own independent investigations and evaluations of the claims, with due consideration being given to, among other things, the fact that the members of the California Settlement Class each received notice of the pendency of this case following conditional certification of the FLSA claim and the opportunity to opt in but chose not to do so, and the risk that the California claims might never be certified as class action claims and/or that they might not succeed on the merits, given the proof adduced by ADP and Wilson during discovery regarding class members' having been properly classified as exempt, ADP's and Wilson's instruction that class members not work more than 40 hours, the time records turned in by the contingent Recruiters, Researchers and Sourcers which stated they did not work more than 40 hours, and the class members' opportunities to plan their own schedules including their meal and rest policies, among other things.

    B.    <u>Allocations of Settlement Payments and Taxes</u>. All payments made to the Named Plaintiff, the Opt-In Plaintiffs and the California Settlement Class Claimants under this settlement shall be allocated 1/3 to wages, 1/3 to interest, and 1/3 to penalties. Deductions required by law shall be taken from the amount allocated to wages.

    C.    <u>Timing of Settlement Payments</u>. Within 20 business days of the Final Effective Date, Wilson will prepare and send to Class Counsel all individual settlement checks computed in

accordance with this paragraph IX. Class Counsel will be responsible for distributing the payments to the Named Plaintiffs, the Opt-In Plaintiffs and the California Settlement Class Claimants.

## X.   RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS.

A.   Release. Effective as of the Final Effective Date, Named Plaintiff for herself and on behalf of each member of the California Settlement Class who did not exclude him or herself under paragraph V.A, and each Opt-In Plaintiff on his or her own behalf, and each of their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "Releasing Persons"), hereby forever completely release and discharge (1) ADP and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by ADP, divisions, units, branches and other persons or entities acting on their behalf; and (2) Wilson and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by Wilson, divisions, units, branches and other persons or entities acting on their behalf (collectively, the "Released Persons"), from any and all claims, demands, rights, liabilities, expenses, and losses of any kind that any of the Releasing Persons might have against any of the Released Persons at any time prior, and in any way related to any of the facts or claims alleged in the Litigation, any violation of the state or federal wage and hour laws asserted in the Litigation or which could have been asserted based on the facts alleged in the Litigation, and any claim arising out of or relating to the negotiations leading to this settlement, even if such claims are presently unknown and/or unasserted.

The matters released herein include, but are not limited to:

1.   any claims that any of the Releasing Persons were not properly paid for all time worked, and/or were not properly paid overtime when due, and/or did not receive all compensation due, including without limitation premium wages, overtime wages, bonuses and/or commissions, and/or were not provided with meal and/or rest breaks as provided under applicable law, and/or were not provided with accurate and complete wage statements, or claims for any other wage, benefit or penalty for which non-exempt, hourly employees are eligible whether arising under California law or the federal Fair Labor Standards Act;

2.   any claims that any of the Releasing Persons who are no longer employed by Wilson and/or ADP or assigned to ADP allegedly did not receive their final pay on time or in full or otherwise in accordance with applicable statutes and/or regulations;

3.   any claim that any of the Releasing Persons did not receive employee benefits for which they claim they were or should have been eligible, including severance, vacation, health and welfare, medical insurance, savings or 401(k) plans, or any other employee benefits, whether arising under ERISA, common law, by contract, oral or written, express or implied, or otherwise;

9

4.      any claims for restitution or equitable relief and/or for alleged unfair business practices and/or for penalties of any kind arising under state law or claims for liquidated damages arising under the Fair Labor Standards Act with respect to the claims asserted in the Litigation or in any way related to any of the facts or claims alleged in the Litigation;

5.      any claim alleged or which could have been alleged in the original Complaint and/or the Amended Complaint and/or the Second Amended which constitute the Litigation as defined in paragraph II.N;

6.      any other claim or liability, of any nature whatsoever, arising under common law, state or federal statute or regulation, including without limitation any wage and hour law or law regulating or providing for employee benefits, any claim or argument that defendants were joint employers of plaintiffs, any claim based in whole or in part on the assertion that any of the Released Persons did not comply with required pay practices or record keeping requirements, or laws relating to the payment for labor performed or the payment of daily or weekly overtime, interest or penalties for missed meal periods and/or rest breaks, timely payment of final wages, provision of employee benefits, or any other provision of law regulating hours of work and/or pay practices, and arising under any provision of FLSA, 29 U.S.C. § 201 *et seq.*, ERISA, 29 U.S.C. § 1104(a)(I), California Labor Code §§ 201 - 203, 218.5, 226.7, 226, 510, 512, 1174, 1174.5, 1194, California Business & Professions Code § 17200 *et seq.*, and Cal. Wage Order No. 4; and

7.      any claim for attorneys' fees, costs and/or pre-judgment interest against any of the Released Persons.

It is understood and agreed between the Parties that the above waiver and release of all claims in the Litigation, including without limitation claims arising under state law and federal law including the federal Fair Labor Standards Act (FLSA), is a material term of and inducement for ADP and Wilson to enter into this Agreement. With respect to the claims being waived and released under the FLSA, the Parties and their counsel agree that this is a settlement and compromise of a bona fide dispute over hours worked or compensation due and that the waivers and releases provided herein are fully effective to waive and release all such claims. In order to effectuate the waiver and release of FLSA claims, in addition to the signatures of the Named Plaintiff and the Opt-In Plaintiffs below, the Notice to be sent to the members of the California Settlement Class will advise them that by submitting a claim and by cashing, depositing or otherwise negotiating the settlement check they receive in connection with their claim, the recipient agrees to opt in to the case for purposes of waiving and releasing all FLSA claims arising out of the conduct alleged in the Complaint, the Amended Complaint, and the Second Amended Complaint.

B.      Additional General Release and Waiver by Named Plaintiff and Opt-In Plaintiffs.

In addition to the waiver and release provided under paragraph X.A, above, the Named Plaintiff and each of the Opt-In Plaintiffs further release the Released Persons (as that term is defined in paragraph X.A) from any and all claims, of any nature whatsoever, arising out of their employment by Wilson or assignment to ADP, or the termination of that employment or assignment, or any act or omission that allegedly occurred during that employment or assignment, or any other claim any of them might have or believe they have against the Released Persons, whether or not those claims were asserted or could have been asserted in the Litigation.

10

C.      Waiver of California Civil Code section 1542 by Releasing Persons: Releasing Persons acknowledge that they each may have claims within the description of paragraph X.A that are presently unknown and that the release contained in this Agreement is intended to and will fully, finally, and forever discharge all such claims, whether now asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above.

ACCORDINGLY, EACH CALIFORNIA RELEASING PERSON EXPRESSLY UNDERSTANDS AND AGREES TO WAIVE THE PROVISIONS OF, AND RELINQUISH ALL RIGHTS AND BENEFITS AFFORDED BY, CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES IN FULL AS FOLLOWS:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

In giving this waiver, the Releasing Persons, and each of them, acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the subject matter released herein, but agree that they have taken that possibility into account in reaching this Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Persons expressly assume the risk, they freely and voluntarily give the release as set forth above.

D.      Release by ADP and Wilson:  Effective as of the Final Effective Date, ADP and Wilson hereby forever completely release and discharge the Named Plaintiff and the Opt-In Plaintiffs, and each other, from any and all claims, demands, rights, liabilities, expenses, and losses of any kind that ADP and/or Wilson might have against or related in any way to the Named Plaintiff or any of the Opt-In Plaintiffs at any time prior, and in any way related to the Named Plaintiff's and the Opt-In Plaintiffs' employment with Wilson and/or ADP, including their assignments to ADP, and any claim arising out of or relating to the negotiations leading to this settlement and the payments called for hereunder, even if such claims are presently unknown and/or unasserted.

E.      Waiver of California Civil Code section 1542 by ADP and Wilson:  ADP and Wilson acknowledge that they each may have claims against the Named Plaintiff and/or the Opt-In Plaintiffs and/or each other that are presently unknown and that the release contained in this Agreement is intended to and will fully, finally, and forever discharge all such claims, whether now asserted or unasserted, known or unknown.

ACCORDINGLY, ADP AND WILSON EXPRESSLY UNDERSTAND AND AGREE TO WAIVE THE PROVISIONS OF, AND RELINQUISH ALL RIGHTS AND BENEFITS AFFORDED BY, CALIFORNIA CIVIL CODE SECTION 1542, WITH RESPECT TO THEIR CLAIMS AGAINST THE NAMED PLAINTIFF AND THE OPT-IN PLAINTIFFS AND EACH OTHER RELATED THERETO, WHICH PROVIDES IN FULL AS FOLLOWS:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF

11

EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
HER SETTLEMENT WITH THE DEBTOR.

In giving this waiver, ADP and Wilson acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the subject matter released herein, but agree that they have taken that possibility into account in reaching this Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which ADP and Wilson expressly assume the risk, they freely and voluntarily give the release as set forth above.

## XI.     SURVIVAL OF EXISTING PROTECTIVE ORDERS.

Anything herein to the contrary notwithstanding, any protective order previously entered in the Litigation shall survive the entry of Final Judgment pursuant to this settlement and shall remain in full force and effect.

## XII.    INADMISSIBILITY OF SETTLEMENT AGREEMENT/DENIAL OF LIABILITY.

This Settlement Agreement is the result of a good faith compromise of disputed claims, and neither it nor any statement or conduct in furtherance of the settlement shall be offered or construed to be an admission or concession of any kind by any Party.  In particular, but without limiting the generality of the foregoing, nothing about this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility, or fault whatsoever by ADP or Wilson, each of which expressly denies any liability, wrongdoing, impropriety, responsibility, or fault whatsoever.  In addition, and also without limiting the generality of the foregoing, nothing about this settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class or collective action in the Litigation or any other action for adversarial, rather than settlement purposes, and ADP and Wilson expressly reserve their position that, other than for purposes of this settlement, the Litigation is not suitable for and should not be certified as a class action or collective action.

## XIII.   NO PUBLICITY.

Named Plaintiff, Opt-In Plaintiffs and Class Counsel agree that they will not publicize, market, advertise, or report the results of this Litigation in any fashion, other than to say, and only if asked, that it was resolved.

## XIV.   INTERIM STAY OF PROCEEDINGS.

Pending completion of the settlement process, the Parties agree to a stay of all proceedings in the Litigation except such as are necessary to implement the settlement itself.

## XV.    NOTICES.

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or via postage prepaid first-class mail as follows:

12

A.      If to the Named Plaintiff, the Opt-In Plaintiffs or Class Counsel, then to:

        Sam Sherman
        Higgs, Fletcher & Mack LLP
        401 West "A" Street, Suite 2600
        Telephone: (619) 236-1551

B.      If to ADP or counsel for ADP, then to:

        James Severson, Esq.
        Bingham McCutchen LLP
        Three Embarcadero Center
        San Francisco, CA  94111
        Telephone:  (415) 393-2242

C.      If to Wilson or counsel for Wilson, then to:

        Jonathan D. Andrews, Esq.
        Michael J. O'Connor, Jr., Esq.
        Andrews Lagasse Branch & Bell LLP
        4365 Executive Drive, Suite 950
        San Diego, CA 92121
        Telephone: (858) 345-5080

## XVI.   RETENTION OF JURISDICTION BY THE COURT.

Following entry of Final Judgment pursuant to this settlement, the Court shall retain jurisdiction for the purpose of addressing any issues which may arise with respect to settlement administration or the enforcement of the terms of the settlement or any protective orders previously entered in the Litigation.

## XVII.   ENTIRE AGREEMENT.

This Settlement Agreement and its associated Exhibits set forth the entire agreement of the Parties with respect to their subject matter and supersede any and all other prior agreements and all negotiations leading up to the execution of this Settlement Agreement, whether oral or written, regarding the subjects covered herein.  The Parties acknowledge that no representations, inducements, promises or statements relating to the subjects covered herein, oral or otherwise, have been made by any of the Parties or by anyone acting on behalf of the Parties which are not embodied or incorporated by reference herein, and further agree that no other agreement, covenant, representation, inducement, promise or statement relating to the subjects covered herein not set forth in writing in this Settlement Agreement have been entered into.

## XVIII.   MODIFICATION OR AMENDMENT.

This Settlement Agreement may not be modified, amended or altered except in a writing signed by both Parties or their authorized legal representatives.

A/75042821.3

13

## XIX.   CHOICE OF LAW.

This Settlement Agreement shall be governed by and construed, enforced and administered in accordance with the laws of the State of California, without regard to its conflicts-of-law rules.

## XX.   CONSTRUCTION.

This Settlement Agreement is entered into freely and voluntarily, with each Party having been represented by counsel in the settlement negotiations leading up to, and in connection with the preparation and execution of, this Settlement Agreement. The Named Plaintiff, the Opt-In Plaintiffs, ADP, and Wilson acknowledge and agree that they each had an equal hand in drafting this Settlement Agreement so that it shall not be deemed to have been prepared or drafted by one party or another. Each Party waives the provisions of Civil Code section 1654, which provides, in pertinent part, that "the language of a contract should be interpreted most strongly against the Party who caused the uncertainty to exist."

## XXI.   EXECUTION IN COUNTERPARTS.

This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

## XXII.   AUTHORITY.

The individuals signing this Settlement Agreement on behalf of ADP and Wilson represent and warrant that they are duly authorized to do so. Class Counsel likewise represents and warrants that they are duly authorized by their clients to execute this Settlement Agreement and to take all appropriate action required and permitted to be taken by this Settlement Agreement.

## XXIII.  NO TAX ADVICE OR LIABILITY.

The Parties have agreed to allocate each settlement payment as between wages, interest and penalties as described in paragraph IX.B. It is understood that the wage component will be subject to employment taxes and other applicable withholdings required by law. The Named Plaintiff, the Opt-In Plaintiffs and all California Settlement Class Claimants who receive monetary consideration under this Settlement Agreement shall be solely responsible for all federal and state local income taxes, if any, arising in connection therewith. Neither ADP nor Wilson nor their counsel shall have any liability for any tax implications related to the receipt of settlement funds by the Named Plaintiff, the Opt-In Plaintiffs or any California Settlement Class Claimant. The Parties acknowledge that neither Wilson nor ADP nor their counsel have provided any tax-related advice whatsoever.

## XXIV.  REASONABLE COOPERATION.

Class Counsel, the Named Plaintiff, the Opt-In Plaintiffs, ADP and its counsel, and Wilson and its counsel shall provide reasonable cooperation with one another in implementing this settlement, including but not limited to providing information and executing documents necessary to effectuate its purpose.

14

A/75042821.3

## XXV. MISCELLANEOUS.

A.    Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.    Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: 9.25.12                    _____
                                  Carlotta Blount

DATED: _____            _____
                                  Brian Bowman

DATED: _____            _____
                                  Paul David

DATED: _____            _____
                                  Mark Johnson

DATED: _____            _____
                                  Jennifer Shoskes

DATED: _____            _____
                                  Maryanne Spyridis

DATED: _____            _____
                                  Keather Thompson

DATED: _____            _____
                                  Heidi Zeilinger

DATED: _____            _____
                                  Dawn Sarafin

DATED: _____            _____
                                  Diana Conrad

15

A/75042821.3

XXV.  MISCELLANEOUS.

A.  Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.  Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____          _____
                                        Carlotta Blount

DATED: 9/24/2012                         Brian Bowman _____
                                        Brian Bowman

DATED: _____          _____
                                        Paul David

DATED: _____          _____
                                        Mark Johnson

DATED: _____          _____
                                        Jennifer Shoskes

DATED: _____          _____
                                        Maryanne Spyridis

DATED: _____          _____
                                        Keather Thompson

DATED: _____          _____
                                        Heidi Zellinger

DATED: _____          _____
                                        Dawn Sarafin

DATED: _____          _____
                                        Diana Conrad

15

AI75M2821.3

## XXV.  MISCELLANEOUS.

A.      Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.      Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____                    _____
                                           Carlotta Blount

DATED: _____                    _____
                                           Brian Bowman

DATED: 9/25/12                             _____
                                           Paul David

DATED: _____                    _____
                                           Mark Johnson

DATED: _____                    _____
                                           Jennifer Shoskes

DATED: _____                    _____
                                           Maryanne Spyridis

DATED: _____                    _____
                                           Keather Thompson

DATED: _____                    _____
                                           Heidi Zeilinger

DATED: _____                    _____
                                           Dawn Sarafin

DATED: _____                    _____
                                           Diana Conrad

A/75042821.3                          15

XXV. **MISCELLANEOUS.**

A.    Headings.  The headings in this Agreement are included for convenience only and shall not be given any weight in its construction.

B.    Signatures.  Facsimile of or transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____          _____
                                         Carleton Blount

DATED: _____          _____
                                         Brian Bowman

DATED: _____          _____
                                         Paul David

DATED: _____          _____
                                         Mark Johnson

DATED: _____          _____
                                         Jennifer Shearer

DATED: _____          _____
                                         Maryanne Spyrant

DATED: _____          _____
                                         Heather Robinson

DATED: _____          _____
                                         Heidi Zellinger

DATED: _____          _____
                                         Dawn Bertin

DATED: _____          _____
                                         Dana Castro

XXV.  MISCELLANEOUS.

A.    Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.    Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____     _____
                                   Carlotta Blount

DATED: _____     _____
                                   Brian Bowman

DATED: _____     _____
                                   Paul David

DATED: _____     _____
                                   Mark Johnson

DATED: 9|21|12                     _____
                                   Jennifer Shoskes

DATED: _____     _____
                                   Maryanne Spyridis

DATED: _____     _____
                                   Keather Thompson

DATED: _____     _____
                                   Heidi Zellinger

DATED: _____     _____
                                   Dawn Sarafin

DATED: _____     _____
                                   Diana Conrad

15

## XXV.   MISCELLANEOUS.

A.   Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.   Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

**IN WITNESS WHEREOF**, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____       _____
                                 Carlotta Blount

DATED: _____       _____
                                 Brian Bowman

DATED: _____       _____
                                 Paul David

DATED: _____       _____
                                 Mark Johnson

DATED: _____       _____
                                 Jennifer Shoskes

DATED: 9/21/12                   _____
                                 Maryanne Spyridis

DATED: _____       _____
                                 Keather Thompson

DATED: _____       _____
                                 Heidi Zeilinger

DATED: _____       _____
                                 Dawn Sarafin

DATED: _____       _____
                                 Diana Conrad

A/75042821.3                          15

## XXV.  MISCELLANEOUS.

A.    Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.    Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____        _____
                              Carlotta Blount

DATED: _____        _____
                              Brian Bowman

DATED: _____        _____
                              Paul David

DATED: _____        _____
                              Mark Johnson

DATED: _____        _____
                              Jennifer Shoskes

DATED: _____        _____
                              Maryanne Spyridis

DATED: 9/24/12                _____
                              Keather Thompson

DATED: _____        _____
                              Heidi Zeilinger

DATED: _____        _____
                              Dawn Sarafin

DATED: _____        _____
                              Diana Conrad

15

A/75042821.3

## XXV.  MISCELLANEOUS.

A.      Headings:  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

B.      Signatures:  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____            _____
                                   Carlotta Blount

DATED: _____            _____
                                   Brian Bowman

DATED: _____            _____
                                   Paul David

DATED: _____            _____
                                   Mark Johnson

DATED: _____            _____
                                   Jennifer Shoskes

DATED: _____            _____
                                   Maryanne Spyridis

DATED: _____            _____
                                   Keather Thompson

DATED: 9-21-12                    _____
                                   Heidi Zellinger

DATED: _____            _____
                                   Dawn Sarafin

DATED: _____            _____
                                   Diana Conrad

A/73042821.3                              15

## XXV.  MISCELLANEOUS.

    A.    Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

    B.    Signatures.  Facsimile of pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

    IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____
_____
Carlotta Blount

DATED: _____
_____
Brian Bowman

DATED: _____
_____
Paul Dayid

DATED: _____
_____
Mark Johnson

DATED: _____
_____
Jennifer Shoskes

DATED: _____
_____
Maryanne Spyridis

DATED: _____
_____
Keather Thompson

DATED: _____
_____
Heidi Zeilinger

DATED: _9/05/12_____
_____
Dawn Sarafin

DATED: _____
_____
Diana Conrad

A/75042021.3

15

XXV.  MISCELLANEOUS.

    A.    Headings.  The headings in this Agreement are included for convenience only and shall not be given weight in its construction.

    B.    Signatures.  Facsimile or pdf transmissions of the signatures of the Parties or their representatives shall be binding on the Parties.

    **IN WITNESS WHEREOF**, this Settlement Agreement has been duly executed by and on behalf of the Parties as of the date first written above.

DATED: _____        _____

                                        Carlotta Blount

DATED: _____        _____

                                          Brian Bowman

DATED: _____        _____

                                          Paul David

DATED: _____        _____

                                          Mark Johnson

DATED: _____        _____

                                          Jennifer Shoskes

DATED: _____        _____

                                          Maryanne Spyridis

DATED: _____        _____

                                          Keather Thompson

DATED: _____        _____

                                          Heidi Zeilinger

DATED: _____        _____

                                          Dawn Sarafin

DATED: _9/26/12_____        _____

                                          Diana Conrad

A/75042821.3

15

DATED: _____        ADP, Inc.

                                By: _____


DATED: _____        Wilson Worldwide, LLC dba Wilson HR

                                By:_____


APPROVED AS TO                  HIGGS, FLETCHER & MACK LLP
FORM & CONTENT:
                                By:_____
                                    Sam Sherman, Esq.
                                    Counsel for the Opt-In Plaintiffs


APPROVED AS TO                  BINGHAM McCUTCHEN LLP
FORM & CONTENT:

                                By:_____
                                    James Severson, Esq.
                                    Counsel for ADP, Inc.


APPROVED AS TO                  ANDREWS LAGASSE BRANCH & BELL
FORM & CONTENT:                 LLP

                                By:_____
                                    Michael J. O'Connor, Jr., Esq.
                                    Counsel for Wilson Worldwide, LLC dba
                                    Wilson HR

16

A/75042821.3

DATED: _9/25/12_                  ADP, Inc.

                                  By: _____

DATED: _9/26/12_                  Wilson Worldwide, LLC dba Wilson HR

                                  By: _____

APPROVED AS TO                    HIGGS, FLETCHER & MACK LLP
FORM & CONTENT:

                                  By: _____
                                      Sam Sherman, Esq.
                                      Counsel for the Opt-In Plaintiffs

APPROVED AS TO                    BINGHAM McCUTCHEN LLP
FORM & CONTENT:

                                  By: _____
                                      James Severson, Esq.
                                      Counsel for ADP, Inc.

APPROVED AS TO                    ANDREWS LAGASSE BRANCH & BELL
FORM & CONTENT:                   LLP

                                  By: _____
                                      Michael J. O'Connor, Jr., Esq.
                                      Counsel for Wilson Worldwide, LLC dba
                                      Wilson HR

A/75042821.3                      16

EXHIBIT B

> **NOTICE OF PENDENCY OF CLASS ACTION, PRELIMINARY**
> **APPROVAL OF SETTLEMENT AND HEARING FOR FINAL APPROVAL**
> *Blount v. ADP, Inc., et al.*, Case No. 09-CV-1668
> United States District Court for the Southern District of California

### PLEASE READ THIS NOTICE CAREFULLY

**TO:   Certain individuals who received payments from Wilson Worldwide, LLC dba Wilson HR ("Wilson") for work performed while assigned to or at ADP, Inc. ("ADP") in the State of California as contingent recruiters, researchers and/or sourcers in ADP's Shared Services Division between September 1, 2006 and September \_\_\_, 2012.**

**YOU ARE MEMBERS OF THE SETTLEMENT CLASS ENCOMPASSED BY A CLASS ACTION (the "ACTION"). THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THE ACTION.  IT CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS AS A POTENTIAL SETTLEMENT CLASS MEMBER CONCERNING THE SETTLEMENT.**

**AS EXPLAINED IN MORE DETAIL BELOW, YOU ARE ENTITLED TO RECEIVE A PORTION OF THE SETTLEMENT PROCEEDS HEREIN AND MUST FILE A CLAIM FORM BY _____, 2012.  IF YOU FAIL TO FILE A TIMELY AND VALID CLAIM, YOU WILL RECEIVE NOTHING UNDER THIS SETTLEMENT, BUT YOU WILL STILL BE BOUND BY THE RELEASE OF CLAIMS AND DISMISSAL DESCRIBED IN THIS NOTICE.**

### A.    WHAT ARE THE CRITICAL DATES?

\*      _____, 2012:      **The last date to mail your Claim Form if you want to receive your share of the settlement money.**

\*      _____, 2012:      **The last date to mail your written request to be excluded from the settlement if you do not want to participate in this settlement or be bound by its terms.**

\*      _____, 2012:      **The last date to mail any written objection to the settlement.**

\*      _____, 2012:      **The hearing before the Court on any objections to the settlement and to give final approval to the settlement.**

\*      _____, 2012:      **The approximate date payment processing begins if there are no objections, appeals, or Court-ordered extensions.**

### B.    WHAT IS THE PURPOSE OF THIS NOTICE?

This Notice is given pursuant to an Order of the United States District Court for the Southern District of California (the "Court"), dated _____, 2012.  The purpose of this Notice is to inform you of the settlement of the Action relating to alleged violations of state and federal wage-and-hour and related laws.  The Action is entitled *Blount v. ADP, Inc., et al.*, Case No. 09-CV-1668.  The settlement is subject to final approval

by the Court. If this occurs, the settlement will result, among other things, in (a) a distribution of money to class members who remain in the Class and timely submit the required Claim Form and (b) the dismissal of the pending Action and the release of certain potential or actual claims which class members may have against ADP, Wilson and/or related parties. The material terms of the settlement are described below in more detail.

## C.   WHAT IS THIS LITIGATION ABOUT?

The Plaintiff in the Action, Carlotta Blount, alleges that class members are owed unpaid overtime wages, payments for missed meal/rest breaks, and other payments, benefits and penalties under California and/or federal law. Specifically, Plaintiff alleges that class members were entitled to overtime pay, meal and rest breaks, and other employee benefits that they allegedly did not receive.

Wilson and ADP deny all of these claims. Wilson and ADP contend that no overtime wages are due, that class members received any and all meal and rest breaks to which they allege they were entitled, that they controlled and planned their own schedules including their meal and rest breaks, and that class members were not entitled to any of the benefits that Plaintiff claims. All parties recognize, however, the risks, expenses and business disruption associated with continued litigation, and have therefore chosen, with the assistance of an experienced mediator, to resolve their differences by entering into this proposed Settlement.

## D.   WHAT IS THE SETTLEMENT CLASS?

The Court has certified, for settlement purposes only, the following class of individuals (the "Class"):

> California residents who received payments from Wilson Worldwide, LLC dba Wilson HR, for work performed while assigned to or at ADP as recruiters, researchers, or sourcers in ADP's Shared Services Division at any time from September 1, 2006 to September __, 2012.

## E.   WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

Subject to Court approval, the terms of the Settlement are as follows:

1.   Wilson and ADP will pay up to a total of $550,000.00 (the "Maximum Settlement Amount") allocated as follows: (a) $245,000 for payments to be made to the Named Plaintiff and to nine other individuals who, by previously opting in to the case, agreed to become parties to the Federal claims asserted in the Action (hereafter, the "Opt-In Plaintiffs"); (b) up to $50,000 for the valid and timely claims of members of the Class; and (c) attorney's fees up to a maximum of $220,000 and litigation costs up to a maximum of $35,000 to be paid to Class Counsel for their litigation of the claims of the Named Plaintiff, the Opt-In Plaintiffs and the Class.

2.   Each Class member who submits a valid and timely Claim Form (enclosed with this Notice) will receive a payment depending on the total number of weeks the Class member actively provided services to ADP as a recruiter, researcher, or sourcer during the class period.

In determining whether a Claimant held a qualifying job, and if so, his or her length of service in that job during the applicable period, Wilson's and ADP's records shall be presumed to be accurate and correct, and shall be final and binding, unless information submitted by the Claimant with his or her Claim Form (for example, pay stubs, employment records, termination notice, final pay information, etc.) proves otherwise. In the event such information

is submitted, counsel for the parties will make a determination that will be final and binding on the Claimant. All payments made to eligible Claimants shall be allocated 1/3 to wages, 1/3 to interest and 1/3 to penalties. Deductions required by law will be taken from the amount allocated to wages. Claimants will be issued one check for their share of the settlement.

3.    Of the $50,000 allocated to the Class, individual payments to those who do not exclude themselves from the Settlement and who submit valid and timely claims will be determined based on a formula, described in detail in the Settlement Agreement, that takes into account the total number of weeks each individual claimant worked for Wilson and was assigned as a contingent worker to ADP during the relevant period. The amounts of the individual payments will depend on how many members of the Class file claims and the total number of weeks they worked. If, based on the formula, the total dollar amount of the claims filed by members of the Class exceeds the maximum allocated payout of $50,000, each individual payment will be reduced pro-rata. Similarly, if, based on the formula, the total dollar amount of the filed claims does not exceed the maximum allocated payout of $50,000, any excess funds will be reallocated on a pro-rata basis to the Named Plaintiff and the other Opt-In Plaintiffs.

4.    Each member of the Class who does not exclude him or herself from the Settlement as described in Paragraph H below is deemed to release and discharge (1) ADP and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by ADP, divisions, units, branches and other persons or entities acting on their behalf; and (2) Wilson and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by Wilson, divisions, units, branches and other persons or entities acting on their behalf, from each of the Released Claims described in Paragraph F below. Additionally, each member of the Class who does not exclude him or herself from the Settlement is deemed to waive all rights pursuant to California Civil Code section 1542 with respect to the Released Claims.

5.    Subject to the Court's granting final approval, each member of the Class who does not exclude him or herself from the settlement as described in Paragraph H shall be forever barred from filing any other action or proceeding or participating either as a named plaintiff or as an unnamed class member in any other lawsuit, action or class action in any state or federal court or administrative proceeding regarding any of the Released Claims described above.

6.    If the Court gives its final approval to the proposed Settlement, the Court will enter a Judgment dismissing the Action with prejudice.

**F.**     <u>**WHAT ARE THE RELEASED CLAIMS?**</u>

If the settlement becomes final, the Action will be dismissed with prejudice and the following Release of Claims will become effective as to all Settlement Class members who do not exclude themselves from the settlement:

A.     Effective as of the Final Effective Date, Named Plaintiff, for herself and on behalf of each member of the California Settlement Class who did not exclude him or herself from the Settlement as described in Paragraph H below, and each Opt-In Plaintiff on his or her own behalf, and each of their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "Releasing Persons"), hereby forever completely release and discharge (1) ADP and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by ADP, divisions, units, branches and other persons or entities acting on their behalf; and (2) Wilson and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by Wilson, divisions, units, branches and other persons or entities acting on their behalf (collectively, the "Released Persons"), from any and all claims, demands, rights, liabilities, expenses, and losses of any kind that any of the Releasing Persons might have against any of the Released Persons at any time prior, and in any way related to any of the facts or claims alleged in the Litigation, any violation of the state or federal wage and hour laws asserted in the Litigation or which could have been asserted based on the facts alleged in the Litigation, and any claim arising out of or relating to the negotiations leading to this settlement, even if such claims are presently unknown and/or unasserted.

The matters released herein include, but are not limited to:

1.     any claims that any of the Releasing Persons were not properly paid for all time worked, and/or were not properly paid overtime when due, and/or did not receive all compensation due, including without limitation premium wages, overtime wages, bonuses and/or commissions, and/or were not provided with meal and/or rest breaks as provided under applicable law, and/or were not provided with accurate and complete wage statements, or claims for any other wage, benefit or penalty for which non-exempt, hourly employees are eligible whether arising under California law or the federal Fair Labor Standards Act;

2.     any claims that any of the Releasing Persons who are no longer employed by Wilson or assigned to ADP allegedly did not receive their final pay on time or in full or otherwise in accordance with applicable statutes and/or regulations;

3.     any claim that any of the Releasing Persons did not receive employee benefits for which they claim they were or should have been eligible, including severance, vacation, health and welfare, medical insurance, savings or 401(k) plans, or any other employee benefits, whether arising under ERISA, common law, by contract, oral or written, express or implied, or otherwise;

4.     any claims for restitution or equitable relief and/or for alleged unfair business practices and/or for penalties of any kind arising under state law or claims for liquidated damages arising under the Fair Labor

Standards Act with respect to the claims asserted in the Litigation or in any way related to any of the facts or claims alleged in the Litigation;

       5.    any claim alleged or which could have been alleged in the original Complaint, the Amended Complaint and/or the Second Amended Complaint which constitute the Litigation as defined in paragraph II.N of the Settlement Agreement;

       6.    any other claim or liability, of any nature whatsoever, arising under common law, state or federal statute or regulation, including without limitation any wage and hour law or law regulating or providing for employee benefits, any claim or argument that defendants were joint employers of plaintiffs, any claim based in whole or in part on the assertion that any of the Released Persons did not comply with required pay practices or record keeping requirements, or laws relating to the payment for labor performed or the payment of daily or weekly overtime, interest or penalties for missed meal periods and/or rest breaks, timely payment of final wages, provision of employee benefits, or any other provision of law regulating hours of work and/or pay practices, and arising under any provision of FLSA, 29 U.S.C. § 201 *et seq.*, ERISA, 29 U.S.C. § 1104(a)(I), California Labor Code §§ 201 - 203, 218.5, 226.7, 226, 510, 512, 1174, 1174.5, 1194, California Business & Professions Code § 17200 *et seq.*, and Cal. Wage Order No. 4; and

       7.    any claim for attorneys' fees, costs and/or pre-judgment interest against any of the Released Persons.

       B.    In addition, as "Releasing Persons" as defined above, Class members acknowledge that they each may have claims within the description above that are presently unknown and that the release contained in this Agreement is intended to and will fully, finally, and forever discharge all such claims, whether now asserted or unasserted, known or unknown, to the extent they fall within the description of claims being released above.

**ACCORDINGLY, EACH CALIFORNIA RELEASING PERSON EXPRESSLY UNDERSTANDS AND AGREES TO WAIVE THE PROVISIONS OF, AND RELINQUISH ALL RIGHTS AND BENEFITS AFFORDED BY, CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES IN FULL AS FOLLOWS:**

    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

       In giving this waiver, the Releasing Persons, and each of them, acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the subject matter released herein, but agree that they have taken that possibility into account in reaching this Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Persons expressly assume the risk, they freely and voluntarily give the release as set forth above.

       All of the claims, known or unknown, asserted or unasserted, listed above are referred to herein as the "Released Claims."

## G.   <ins>WHAT ARE THE PROCEDURES FOR PARTICIPATING IN THE SETTLEMENT?</ins>

       In order to receive a payment under the Settlement, you must complete, sign and mail the enclosed Claim Form to Class Counsel at the address listed below. <ins>**Your claim form must be postmarked no later than _____, 2012. Late or incomplete Claim Forms will not be honored.**</ins>

A/75072671.1

Class Counsel is:

Sam Sherman
Higgs, Fletcher & Mack LLP
401 West "A" Street, Suite 2600
Telephone: (619) 236-1551

    If you have questions, you may reach Class Counsel by mail at the above address or by phone at the above number. However, to be valid, your Claim Form must be mailed to Class Counsel and postmarked no later than the date listed above.

    By completing and submitting a Claim Form, you are giving your written consent to becoming a party plaintiff in the Action, you will be considered to have "opted in" to the Action, and you will have permanently waived and released any claims you may have under federal law, in particular under the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, including claims for liquidated damages arising under §216 thereof, in addition to any claims you may have under state law as described in Paragraph F. This includes claims that your job was improperly classified as "exempt," that you were allegedly entitled to additional overtime pay, and any other wage and hour claims arising under federal or state law that were asserted in the Action or which could have been asserted based on the facts alleged in the Action. Because these claims will have been released, you will be permanently barred from suing ADP and/or Wilson or participating in any other lawsuit or class action against ADP and/or Wilson with regard to any of them.

## H.    WHAT IF I DO NOT WISH TO PARTICIPATE IN, OR OBJECT TO, THE SETTLEMENT?

    If you do not want to participate in the Settlement, you must complete and mail your written request for exclusion to Class Counsel at the address listed above. In order to be valid, your request for exclusion must be postmarked no later than _____, 2012, and must provide your name, address, telephone number and Social Security number; clearly state that you are requesting exclusion from the settlement in the Action; and be signed by you personally or by your attorney if you are represented by counsel. If you submit a timely and valid request for exclusion, you will not be eligible to receive any of the benefits of the Settlement. You will, however, retain whatever rights you may have against Defendants arising out of the types of Claims referred to above.

    If you believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel at the address listed below. All objections must be signed and set forth your address, telephone number, Social Security number, and the name of the Action (*Blount v. ADP, Inc., et al.*, Case No. 09-CV-1668). All objections must be filed with the Court AND postmarked to Class Counsel no later than _____, 2012. If you file a written objection, you may not also submit a request for exclusion.

    If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the final approval hearing, discussed below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intend to appear at the final approval hearing. At the hearing, the Court will consider and rule upon all timely objections. Any member of the Class who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement.

A/75072671.1

**I.    WHEN IS THE FINAL APPROVAL HEARING ON THE PROPOSED SETTLEMENT?**

The Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorney's fees and costs, and the payments to the named Plaintiff and the Opt-In Plaintiffs will be held on _____, at _____. m., before the Honorable Anthony J. Battaglia, Courtroom 12, United States District Court for the Southern District of California, located at 940 Front Street, San Diego, CA 92101. At the Final Approval Hearing, the Court will consider and rule upon all timely objections. The Final Approval Hearing may be continued without further notice.

**J.    WHERE CAN I FIND ADDITIONAL INFORMATION?**

This Notice only summarizes the Litigation, the Settlement and other related matters. For more information, you may review the Court's files at the Office of the Clerk 880 Front Street, Suite 4290, San Diego, CA 92101, during business hours of each business day. The Court's files include a complete copy of the Settlement Agreement referred to in this Notice. Any questions regarding this Notice, the Claim Form, or what you need to do to exclude yourself from or object to the Settlement should be sent to Class Counsel at the above address and telephone number. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify Class Counsel.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

A/75072671.1

EXHIBIT C

### CLAIM FORM AND RELEASE
*Blount v. ADP, Inc., et al.,* Case No. 09-CV-1668
United States District Court for the Southern District of California

## TO RECEIVE A RECOVERY, YOU MUST COMPLETE, SIGN AND RETURN THIS CLAIM FORM BY REGULAR U.S. MAIL, POSTMARKED NO LATER THAN ------------,2012.

**I.   REQUIRED CLAIMANT INFORMATION.**

Please Make any Name/Address Corrections Below:

\<\<First\>> \<\<Last\>> <
\<\<Address1\>>
\<\<Address2\>>
\<\<City\>> \<\<State\>> \<Zip\>>

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Daytime Telephone Number (Fill In)*

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Evening Telephone Number (Fill In)*

X X X X – X X - ___ ___ ___ ___
*Social Security Number*

(The Internal Revenue Service requires this information.  Failure to provide the LAST FOUR DIGITS will result in the delay of your payment.)

**II.   YOUR EMPLOYMENT INFORMATION ACCORDING TO WILSON'S RECORDS.**

According to Wilson's and ADP's records, you received payments from Wilson for work performed while assigned to or at ADP in the State of California in one or more settlement-eligible job positions at some time during the period between September 1, 2006 and September ___, 2012 (the "Recovery Period").  Eligible job positions are:  Contingent Researcher, Recruiter, and Sourcer.  Wilson and ADP records show that you worked in an eligible position for a total of _____ weeks during the Recovery Period.  The amount you receive under the Settlement will be based on this information.

**III.   IF YOU DISPUTE THE INFORMATION IN SECTION II ABOVE.**

If you <u>DISAGREE</u> with any of the information in Section II above:

1.    Please describe your corrections:

2.    If you made corrections, please attach the documents (such as pay stubs, employment records, termination notice, final pay information, etc.) that support your changes.  *The employment information listed in Section II is presumed to be correct unless you submit documents which prove otherwise.*

**IV.   MAILING INSTRUCTIONS.**

Please mail this completed Claim Form in the enclosed envelope to Class Counsel, Sam Sherman, Higgs, Fletcher & Mack LLP, 401 West "A" Street, Suite 2600.

**V.    RELEASE.**

By my signature below, I hereby acknowledge and certify that I have read and understand this Claim Form and Release and the Notice of Pendency of Class Actions that was sent to me with this Claim Form. I understand that the Notice and this Claim Form and Release are important legal documents and that it is important that I read carefully the description of the claims described in the Notice. Having read the Notice, I hereby certify that I understand that by signing and submitting this Claim Form and Release, I am waiving and releasing all of the legal claims described in the Notice. I further certify that I have been given adequate opportunity to review these documents and to consult with whomever I wish to consult with regarding them so that I fully understand my legal rights. No promises or representations of any kind have been made to me, other than what is contained in the Notice and in this Claim Form and Release. I further understand that by signing and submitting this Claim Form and Release, I am giving my written consent to becoming a party plaintiff to the class action lawsuits, that I will be considered to have "opted in" as a party to the lawsuits, and that I will have permanently waived and released any claims I may have under federal law, in particular the Fair Labor Standards Act, 29 U.S.C. §201 et seq., including claims for liquidated damages arising under §216 thereof, in addition to all of the other claims described in the Notice.

I have executed the Claim Form and Release voluntarily and of my own free will, without coercion and with full knowledge of its effect, and I understand that if the Court approves the settlement, this Release means that I will be permanently barred from filing or participating in any other lawsuit or class action, state or federal, against ADP and/or Wilson in which any of the Released Claims are asserted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and I hereby assent to participate in this case, and release claims set forth herein.

Dated: _____/_____/_____

_____
(Signature)

_____
(Print Name)

**You must sign and return this Claim Form in order to receive a payment under this settlement.**