UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOTTA BLOUNT, on behalf of herself and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADP, INC., a New Jersey Corporation, et al., )<br>)<br>Defendants. )  | Civil No. 09CV1668 AJB (KSC)<br><br>**ORDER OF FINAL APPROVAL OF SETTLEMENT** |

This matter having come before the Court for hearing on May 24, 2013, pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice entered January 22, 2013 ("Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Settlement Agreement and Release of Claims ("Settlement Agreement"), and due and adequate notice having been given to the California Settlement Class described below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED** that:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of each of the claims in

the Complaint, the Amended Complaint, and the Second Amended Complaint in the Litigation, and has personal jurisdiction over all parties to the Litigation, including all members of the California Settlement Class as defined in Paragraph II, C of the Settlement Agreement who have not elected to exclude themselves ("opt-out") from the settlement.

3. Notice to the California Settlement Class, including the mailing or re-mailing of the Notice of Pendency of Class Action and Claim Form and Release as set forth in the Settlement Agreement, has been completed in conformity with the Preliminary Approval Order, including mailing of individual notice to all members of the California Settlement Class who could be identified through reasonable effort. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2) and due process.

4. The Court hereby approves the settlement set forth in the Settlement Agreement, including the settlement payments, released claims and other terms therein, and finds that the Settlement Agreement, and the settlement, are, in all respects, fair, adequate and reasonable to all parties, including the Named Plaintiff, the Opt-in Plaintiffs and the members of the California Settlement Class; finds further that the payments to be made to the Named Plaintiff and the Opt-In Plaintiffs in settlement of their claims under the Fair Labor Standards Act represent a fair and reasonable resolution of a bona fide dispute; and directs the parties to effectuate the Settlement according to its terms. The Court also finds that the California Settlement Class should be certified as a class as part of this settlement and that relief with respect to the California Settlement Class as a whole is appropriate. In particular, the Court finds, solely for purposes of approving the settlement and for no other purpose and with no other effect on this litigation, that the proposed California Settlement Class meets the requirements for certification under

Federal Rule of Civil Procedure 23(b)(3), including that (a) questions of law or fact common to class members predominate over any questions affecting only individual members, (b) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, (c) the claims of the Representative Plaintiff Carlotta Blount are typical of the claims of the members of the proposed class, (d) Representative Plaintiff Carlotta Blount has, with respect to the settlement, fairly and adequately protected the interests of the members of the class, and (e) Class Counsel is qualified to act as counsel for the Representative Plaintiff and the other members of the proposed class.

5. For purposes of this Order of Final Approval and the Final Judgment that accompanies it, and consistent with the Settlement Agreement, the term "California Settlement Class," which is hereby certified pursuant to Federal Rule of Civil Procedure 23(b)(3), means all individuals (a) who received payments from Wilson for work performed while assigned to or at ADP in the State of California as contingent recruiters, researchers, or sourcers in ADP's Shared Services Division at any time from September 1, 2006 to September 28, 2012, and (b) who have not chosen to exclude themselves (i.e., "opt out") from participation in the settlement under Paragraph V, A of the Settlement Agreement,

6. As of the Final Effective Date (as defined in Paragraph II, L of the Settlement Agreement), each and every Released Claim (as defined in Paragraph X, A and C of the Settlement Agreement) of every member of the California Settlement Class who did not exclude him or herself from the settlement (i.e., "opt out") in accordance with the procedures set forth in Paragraph V, A of the Settlement Agreement, is and shall be deemed to be conclusively released as against the Released Persons, "Released Persons" (as defined in Paragraph X, A of the Settlement Agreement) means all of the following: (1) ADP and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations,

insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by ADP, divisions, units, branches and other persons or entities acting on their behalf, and (2) Wilson and its past, present, and future parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers and assigns, and each of their past, present and future officers, directors, trustees, shareholders, agents, employees, attorneys, contractors, representatives, partners, joint venturers, co-employers, joint employers, payrollers, insurers, reinsurers, benefit plans sponsored or administered by Wilson, divisions, units, branches and other persons or entities acting on their behalf.

7. As of the Final Effective Date, the named Plaintiff, the Opt-In Plaintiffs, and all of the members of the California Settlement Class who did not exclude themselves from the settlement in accordance with the procedures set forth in Paragraph V, A of the Settlement Agreement are hereby forever barred and enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, against the Released Persons, in this or any other jurisdiction or forum, any and all Released Claims as defined in Paragraph X, A and C of the Settlement Agreement.

8. Neither the Settlement Agreement nor the settlement constitutes an admission or concession by ADP, Wilson or any of the other Released Persons, nor does this Order or the Final Judgment that accompanies it constitute a finding of any kind by the Court regarding the validity of any of the claims asserted in the Litigation or of any wrongdoing by ADP, Wilson or any of the other Released Persons.  Furthermore, neither the Settlement Agreement nor the settlement shall be used in any way or for any purpose as (a) an admission of any fault, omission or wrongdoing by ADP, Wilson or any of the Released Persons, or (b) an admission or evidence that any other alleged class of Wilson employees (whether California recruiters, researchers, or sourcers or any other type of

employees who were assigned as contingent workers to ADP) should be certified for settlement or for any other purpose.  Neither this Order, the Final Judgment that accompanies it, the Settlement Agreement, any of the exhibits thereto, nor any negotiations or proceedings related thereto, shall be considered as or deemed to be evidence of a concession or admission with regard to the denials or defenses of ADP, Wilson or any of the other Released Persons, nor shall this Order, the Final Judgment, or the Settlement Agreement, its exhibits or the negotiations that led to it be offered or admissible in evidence in any action or proceeding against ADP, Wilson or any of the Released Persons in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Final Judgment or the Settlement Agreement.  However, nothing in this paragraph shall prevent ADP, Wilson or any other of the Released Persons from filing or otherwise relying on this Order, the Final Judgment, the Settlement Agreement, its exhibits or any other papers and records on file in the Litigation in any court, administrative

agency or other tribunal, as evidence of the settlement that has been entered into by ADP, Wilson, and the other Released Persons to support a defense of res judicata, collateral estoppel, release or other claim of issue preclusion or similar defense as to the Released Claims.

       9.     Sam Sherman, Esq., and the firm of Higgs, Fletcher & Mack LLP, are hereby confirmed and appointed as Class Counsel, and Carlotta Blount is confirmed and appointed as Representative Plaintiff of the California Settlement Class.

      10.    In accordance with Paragraph IX.A.1. of the Settlement Agreement, the Court hereby awards Class Counsel fees in the total amount of $220,000 and litigation costs (inclusive of any additional costs that may be incurred in implementing the settlement) in the total amount of $33,711.01 (the balance of $1,288.99 shall be distributed to the FLSA class in the same manner described in Paragraph IX.A.2 of the Settlement Agreement).  In accordance with Paragraph IX. A. 2. of the Settlement

Agreement, the Court hereby awards enhancement payments as follows: to Plaintiff Blount, $10,000; Plaintiff Bowman, $5,000; Plaintiff David, $2,500; Plaintiff Shoskes, $2,500; Plaintiff Spyridis, $5,000; Plaintiff Thompson, $5,000; and Plaintiff Zeilinger, $10,000. These are in addition to the settlement shares these individuals are entitled to receive under Paragraph IX, A, 2.

11. In accordance with Paragraph IX.A.3. of the Settlement Agreement, the Court hereby awards the following amounts to the California Settlement Class Claimants:

| | | |
|---|---|---|
| A. | Jennifer Smith: | $14,566.90 |
| B. | Laureen O'Connell: | $1,476.40 |
| C. | Joe Rocha: | $10,433.07 |
| D. | Vanessa Calderon: | $10,137.80 |
| E. | Molly Choate: | $10,531.50 |
| F. | Kelly Anderson: | $2,854.33 |

12. The payments referred to in this Order shall be made in accordance with the timing requirements set forth in Paragraph IX.C., of the Settlement Agreement or such other time periods as the Parties shall mutually agree.

13. In accordance with the accompanying Final Judgment, this Court hereby dismisses the Litigation in its entirety, on the merits, with prejudice and without costs.

14. Without affecting the finality of this Order in any way, the Court hereby retains continuing jurisdiction over (a) the implementation of the settlement as described in the Settlement Agreement and this Final Approval Order, and (d) all parties hereto for the purpose of administering the Settlement Agreement, enforcing its terms and enforcing the terms of this Order and the Judgment which accompanies it.

14. In the event the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Order and the accompanying Final Judgment shall be rendered null and void to the extent provided by and in accordance with

the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

**IT IS SO ORDERED:**

DATED: June 5, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge